UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CRU SHREVEPORT, LLC** <br> **Plaintiff** <br> <br> v. <br> <br> **UNITED NATIONAL** <br> **INSURANCE COMPANY** <br> **Defendant** | Civil Action No.: 5:20-cv-151 <br> <br> Judge: <br> <br> Magistrate: |

## PLAINTIFF'S ORIGINAL COMPLAINT

CRU Shreveport, LLC ("CRU Shreveport"), by and through counsel, files Plaintiff's Original Complaint against Defendant United National Insurance Company ("UNIC") pursuant to the Federal Rules of Civil Procedure. Supporting this Original Complaint, CRU Shreveport respectfully shows this Honorable Court as follows:

### I. PARTIES

1. Plaintiff, CRU Shreveport, L.L.C., is a limited liability company organized and existing under Louisiana law. The members of CRU Shreveport, LLC are as follows:

   a. Anil Patel domiciled in California;

   b. Chirag Patel domiciled in California;

   c. Steven Senft domiciled in California;

   d. Sanjeev and Sonal Gaur domiciled in California;

   e. The Mehta Family Trust of 1987 dated October 23, 1987 with the sole trustee being Jitendra K. Mehta who is domiciled in California. The beneficiaries of the trust are as follows: Jitu Mehta domiciled in California, Meena Mehta domiciled in California, Manish Mehta domiciled in California, Minal Mehta domiciled in California, and Jatin Mehta domiciled in California;

  f. Sulin B. Shah Irrevocable Trust dated November 15, 2002 with the sole trustee and beneficiary being Sulin Shah who is domiciled in Illinois;

  g. Pramond C Maniar Irrevocable Trust with the sole trustee being Paras Maniar who is domiciled in California. The beneficiaries of the trust are as follows: Roopa Maniar domiciled in California, Pooja Maniar Doshi domiciled in California, and Paras Maniar domiciled in California;

  h. Bina Bhakta domiciled in Texas;

  i. Bimal Bhakta domiciled in California;

  j. Maganbhai Bhakta domiciled in California;

  k. Sagir G. Bera domiciled in California;

  l. Girish R. Bera domiciled in California;

  m. Mehul Patel domiciled in California;

  n. Suresh Patel domiciled in California;

  o. Girish Patel domiciled in California;

  p. Joe Kodjian domiciled in Toronto;

  q. Vimal B. Bhanvadia domiciled in California;

  r. Bhupat V. Bhanvadia domiciled in California;

  s. Yatin Bera domiciled in California; and

  t. CRU Investments, LLC with the members being Anil Patel domiciled in California; Chirag Patel domiciled in California; and Steven Senft domiciled in California.

2. Upon information and belief, Defendant UNIC is a foreign insurance company organized and existing under Pennsylvania law. Upon further information and belief, Defendant UNIC is authorized and does business within Louisiana and this Honorable Court's jurisdiction. Defendant

UNIC may be served through the Louisiana Secretary of State.

## II.   JURISDICTION AND VENUE

3. This Honorable Court maintains subject matter jurisdiction over this matter, pursuant to 28 U.S.C. § 1332, based on complete diversity of citizenship between the parties. The amount in controversy exceeds the minimum jurisdictional limits.

4. This Honorable Court maintains personal jurisdiction pursuant to Louisiana's Long-Arm Statute, LSA - R.S. § 13:3201, and the United States Constitution's 14th Amendment Due Process Clause. This Original Complaint addresses commercial building damages suffered in Louisiana.

5. This Honorable Court maintains venue under 28 U.S.C. § 1391. The building at issue remains in this Judicial District at 1419 E 70th Street, Shreveport, Louisiana 71105.

## III.   FACTUAL STATEMENT

6. CRU Shreveport purchased the Wyndham Garden Hotel Shreveport (the "Hotel"), located at 1419 E 70th Street, Shreveport, Louisiana 71105, on November 1, 2013. Simultaneously, CRU Shreveport executed a mortgage in favor of GreenLake, secured by the Hotel and its movables, including all insurance policies and proceeds from such policies.

7. At the time of the loss, on or about September 20, 2016, through August 11, 2017, the Wyndham Garden Hotel Shreveport was owned and operated by CRU Shreveport, LLC ("CRU Shreveport").

8. Defendant UNIC's policy remained in full force and effect August 1, 2016 to August 1, 2017. Exhibit A contains a true and correct property insurance policy copy.

9. On or about September 20, 2016, the Hotel suffered severe damage when a boiler pipe exploded, allowing water to flow freely into the Hotel. The Hotel sustained substantial, immediate water damage to at least 41 rooms on multiple floors.

10. CRU Shreveport took immediate action to mitigate damages to the building. Steps taken to mitigate the damages included (i) turning off the main water valve to regain control of the boiler after the explosion, (ii) closing the affected rooms to guests, and (iii) hiring a water removal company to extract the abundance of water that had saturated the Hotel.

11. The damage caused by the pipe burst made many room unsuitable for hotel guest occupancy and forced the Hotel to delay implementing planned events, resulting is escalated business income loss.

12. CRU Shreveport notified Defendant UNIC of its insurance claim on or about September 22, 2016.

13. CRU Shreveport's notice to UNIC remains timely and proper, and fully satisfies all policy notice requirements.

14. Defendant UNIC's insurance policy covers the damages that resulted from the boiler pipe burst.

15. Defendant UNIC sent their adjuster to inspect and prepare a damage estimate. Defendant UNIC's adjuster inspected the property on September 23, 2016 and September 26, 2016.

16. In October, CRU Shreveport received an estimate from Defendant UNIC which undervalued the damages to the Hotel. CRU Shreveport identified severe inadequacies in Defendant UNIC's estimate, including Defendant UNIC's choice to not include business income loss and the continuing issues with air quality and water damage.

17. On or about November 4, 2016, Defendant UNIC sent an adjuster and another representative to re-inspect the damage. CRU Shreveport once again emphasized the adjuster's estimate remained inadequate because of Defendant UNIC's choosing to leave out business income losses, air quality and water damage.

18. Despite CRU Shreveport's efforts, Defendant UNIC continued their choice to omit these covered damages and made no insurance claim payments.

19. Throughout December 2016, CRU Shreveport contacted Defendant UNIC in an effort to get answers and resolve the insurance claim. The Hotel continued to suffer significant property damages and CRU Shreveport continued to suffer loss of business income.

20. On or about January 10, 2017, Defendant UNIC decided to retain an engineer to inspect the property to determine the cause and extent of the water damage and the air quality problems. Then Defendant UNIC informed CRU Shreveport that the engineer's assignment was "lost in the engineer's system" which unnecessarily and significantly delayed the inspection.

21. Two weeks later, on or about January 24, 2017, Defendant UNIC's engineer finally completed his on-site inspection.

22. Over the next four weeks, CRU Shreveport repeatedly contacted Defendant UNIC as to status of the engineer's report, with no definitive responses from Defendant UNIC.

23. On February 24, 2017, Defendant UNIC informed CRU Shreveport the engineer's investigation produced even more questions about the pipe burst loss and CRU Shreveport's subsequent mitigation. In a letter attached to this email, for the first time after receiving notice of loss five months earlier, requested a substantial amount of additional documentation from CRU Shreveport. Defendant UNIC's request included several years boiler maintenance records and information regarding mitigation efforts. Exhibit B contains this referenced correspondence.

24. CRU Shreveport provided Defendant UNIC with the requested information throughout March 2017. CRU Shreveport informed Defendant UNIC it was continuing to accrue additional damages, related to the water, air quality, and loss of business income.

25. Despite numerous inspections and their receipt of all of the substantial supplemental

documentation from CRU Shreveport, Defendant UNIC continued to request additional information. On May 9, 2017 – now almost eight months after CRU Shreveport provided loss notice -- Defendant UNIC advised *for the first time* its investigation remained "ongoing" and once again made extensive and overbroad document requests. Exhibit C contains this document request correspondence.

26. CRU Shreveport undertook significant time and effort complying with Defendant UNIC's highly-detailed and overbroad requests.

27. On August 11, 2017, due to Defendant UNIC's continued delay in making payments for covered damages to the Hotel, CRU Shreveport was forced to execute the Forbearance Agreement as well as a Partial Dation en Paiement Deed and Voluntary Surrender in order to restructure its loan with GreenLake. Exhibit D

28. The Dation was recorded on October 23, 2018 in the conveyance records of Caddo Parish. As of the recordation date, CRU Shreveport transferred, conveyed, delivered, granted, and relinquished the Hotel property and movable property to GreenLake.  GreenLake then transferred the Hotel property to 70th Hospitality.

29. Despite receiving everything requested, Defendant UNIC still chooses to withhold all insurance claim proceeds due.

30. For months after CRU Shreveport complied with Defendant UNIC's multiple and repeated document requests, Defendant UNIC chose to refuse to make any substantive movement as to CRU Shreveport's insurance claim. Notwithstanding CRU Shreveport's repeated explanations that the insurance claim proceeds payment delay was causing tremendous additional damages, Defendant UNIC chose to ignore the claim and made no coverage determinations or payment, causing CRU Shreveport to suffer financially and lose title to the Hotel.

31. To date, Defendant UNIC chooses to withhold rightful insurance claims payments.

32. The boiler pipe burst and Defendant UNIC's choice to withhold insurance claim payment continues causing CRU Shreveport's damages:

   (i) The Hotel was forced to spend thousands and thousands of dollars to reinstate the franchise designation with no help from insurance claim proceeds;

   (ii) CRU Shreveport was denied options of selling the property;

   (iii) CRU Shreveport was forced to allow interest payments to remain in arrears for substantial time;

   (iv) CRU Shreveport was unable to properly restructure lender financing, instead having to surrender ownership of the Hotel; and

   (v) CRU Shreveport suffered lost business income, both past and future.

33. On January 31, 2020, CRU Shreveport and 70th Hospitality, as assignee of GreenLake, assigned of all its interest in the boiler pipe burst claim to CRU Shreveport. In conjunction with this assignment, CRU executed a Quitclaim Deed of the Hotel property to GreenLake.

34. At all times, CRU Shreveport reasonably and promptly took action providing requested supplemental documentation and continuing damage mitigation efforts.

35. CRU Shreveport fully and promptly complied with all Defendant UNIC's information and inspection demands.

36. CRU Shreveport fully cooperated with Defendant UNIC's claim investigation and adjustment.

37. CRU Shreveport fully complied with all duties Defendant UNIC's insurance policy imposes.

38. All conditions precedent for recovery from Defendant UNIC have occurred, been

performed, or have been waived.

39. Defendant UNIC's breach of contract and vexatious choice to withhold insurance claim proceeds payment proximately caused and continues to cause contractual, consequential and tort damages.

## COUNT I
## Breach of Contract

40. CRU Shreveport restates and incorporates the allegations detailed in paragraphs 1-37.

41. Defendant UNIC's conduct constitutes a breach of the insurance contract.

42. By assignment, Defendant UNIC's property insurance policy remains a valid, binding and enforceable contract between Defendant UNIC and CRU Shreveport.

43. Defendant UNIC's property insurance policy remains an "all-risk" policy allowing recovery for all fortuitous losses or damage to covered property, subject to certain particular policy exclusions. The boiler pipe burst here remains a covered loss.

44. CRU Shreveport contracted for and purchased the insurance policy from Defendant UNIC. Through assignment, CRU Shreveport remains entitled to receive full insurance coverage for all direct physical loss of and/or damage to the insured property and lost business income as a result of the covered loss.

45. Defendant UNIC's contract breach further entitles CRU Shreveport to recover its consequential damages the boiler pipe burst causes.

46. On or about September 20, 2016, CRU Shreveport suffered a direct physical loss of and/or damage to its insured building. This loss also caused CRU Shreveport substantial business income losses.

47. Defendant UNIC's insurance policy made Defendant UNIC responsible for paying CRU Shreveport's property damage, business income and consequential damages losses the boiler pipe

burst causes.

48. CRU Shreveport gave Defendant UNIC proper and timely insurance claim notice.

49. CRU Shreveport satisfied all policy-imposed duties and obligations.

50. Defendant UNIC breached the insurance policy contract in choosing to withhold insurance claim proceeds payment for CRU Shreveport's insured losses.

51. Defendant UNIC breached the insurance policy contract in choosing to withhold prompt and full insurance claim proceeds payment for CRU Shreveport's insured losses.

52. Defendant UNIC breached the insurance policy contract in negligently, grossly negligently, recklessly, and/or intentionally choosing not to conduct a full, fair and prompt investigation and adjustment regarding CRU Shreveport's insured losses.

53. Defendant UNIC breached the insurance policy contract in choosing to delay its investigation, choosing to delay and withhold paying CRU Shreveport's insured losses, and thereby caused additional damages.

54. On information and belief, Defendant UNIC committed additional breaches of contract.

55. Defendant UNIC's breaches of contract proximately caused CRU Shreveport's contractual damages.

56. Defendant UNIC's breaches of the insurance contract proximately caused CRU Shreveport to incur consequential damages including, but not limited to: losing Wyndham franchise status for a period of time, additional repair costs, expert fees, attorney fees and litigation expenses.

57. Defendant UNIC's breach of the insurance policy contract proximately causes these damages.

## COUNT II
### La. R.S. Sections 22:1892 and 22:1973

58. CRU Shreveport restates and incorporates the allegations detailed in paragraphs 1-55.

59. Defendant UNIC's choice to deny and withhold insurance claim payment for CRU Shreveport's insured losses remains arbitrary, capricious and/or without probable cause.

60. Defendant UNIC's choice to deny and withhold prompt and full insurance claim payment for CRU Shreveport's insured losses remains arbitrary, capricious and/or without probable cause.

61. Defendant UNIC's choice not to conduct a full, fair and prompt investigation and adjustment regarding CRU Shreveport's covered losses remains arbitrary, capricious and/or without probable cause.

62. Defendant UNIC's choices makes CRU Shreveport entitled to recover the penalties and damages as described in La. R.S. 22:1892 and La. R.S. 1973, in addition to reasonable attorney fees.

## DEMAND FOR RELIEF

CRU Shreveport demands the following relief via trial by jury:

1. The Court enter judgment Defendant UNIC pays CRU Shreveport at least $20,192,021.89 as the insured building property damage Replacement Cost Value;

2. The Court enter judgment Defendant UNIC reimburses CRU Shreveport for emergency and temporary repair expenses;

3. The Court enter judgment Defendant UNIC reimburses CRU Shreveport for business income losses;

4. The Court enter judgment Defendant UNIC pay CRU Shreveport for consequential damages resulting from Defendant UNIC's choice to breach the insurance policy contract;

5. The Court enter judgment Defendant UNIC pay CRU Shreveport the applicable penalty under La. R.S. 22:1892 and La. R.S. 1973, along with all attorney fees and litigation expenses;

6. Additional and further relief this Court deems just and equitable.

Respectfully submitted, this the 31st day of January, 2020.

                              Respectfully submitted,

                              **PANDIT LAW FIRM, L.L.C.**

                BY: */s/ Rajan Pandit*
                      **RAJAN PANDIT,** Bar No. 32215
                      701 Poydras Street, Suite 3950
                      New Orleans, LA 70139
                      Telephone: (504) 313-3800
                      Facsimile: (504) 313-3820
                      COUNSEL FOR PLAINTIFF