UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| C R U SHREVEPORT, LLC | CIVIL ACTION NO. 20-cv-0151 |
| VERSUS | JUDGE DOUGHTY |
| UNITED NATIONAL INSURANCE CO. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

CRU Shreveport, LLC filed this civil action against United National Insurance Co. in federal court based on an assertion of diversity jurisdiction, which puts the burden on Plaintiff to set forth specific allegations that show complete diversity of citizenship of the parties and an amount in controversy over $75,000. The allegations in the complaint are sufficient with one exception.

The complaint alleges that United National is a "foreign insurance company organized and existing under Pennsylvania law." The complaint does not state United National's type of entity. If it is a corporation, it is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint or notice of removal must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982).

If United National is an LLC or other form of unincorporated entity, its citizenship is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Mullins v. TestAmerica Inc., 564 F.3d 386, 397-98 (5th Cir. 2009); Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp. 2018 WL 3551525 (W.D. La. 2018).

In order to establish that diversity jurisdiction exists, Plaintiff must file an amended complaint that alleges United National's type of entity and sets forth its citizenship in accordance with the rules outlined above. Alternatively, because Plaintiff may not have access to United National's citizenship information at this stage of the proceedings, Plaintiff may request that United National include that information in its answer to the complaint.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 11th day of February, 2020.

_____
Mark L. Hornsby
U.S. Magistrate Judge