UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION


| | | |
|---|---|---|
| **CRU SHREVEPORT, LLC** * | | **CIVIL ACTION NO.: 5:20-cv-151** |
|    Plaintiff * | | |
| * | | |
| **VERSUS** * | | **SECTION:** |
| * | | |
| **UNITED NATIONAL** * | | **JUDGE TERRY A. DOUGHTY** |
| **INSURANCE COMPANY** * | | |
|    Defendant * | | **MAGISTRATE MARK L. HORNSBY** |

*************************************************************************

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF PROCEDURE 12(b)(1) and 12(b)(6)

**MAY IT PLEASE THE COURT:**

This Memorandum is submitted by United National Insurance Company (hereinafter "UNIC"), to support its Motion to have this matter dismissed, with prejudice, pursuant to R. Fed. P. 12(b)(1) and 12 (b) (6). As the following will show:

1. An essentially identical lawsuit that was filed in this Court was dismissed on summary judgment by the Honorable Magistrate Judge Karen L. Hayes and is currently on appeal

    with the Fifth Circuit Court of Appeals; because this case is on appeal, this Court has been divested of all jurisdiction to consider this new lawsuit;

2.  Plaintiff, CRU Shreveport, LLC ("CRU") , is attempting to circumvent Fed. R. Civ. P. Rules 56, 59 and 60 by filing a new lawsuit while the initial lawsuit is on appeal; and

3.  This new lawsuit is prescribed pursuant to the terms of the UNIC contract of insurance.

## PROCEDURAL BACKGROUND

On June 5, 2018, CRU filed its first lawsuit against UNIC, alleging essentially all of the same claims it is alleging in this lawsuit, namely, that a boiler incident at the hotel it owned at 1419 E. 70th Street, Shreveport, Louisiana ("the Hotel") burst on September 20, 2016, causing damage to the Hotel and that the UNIC insurance policy covered such damage. (*CRU Shreveport, LLC v. United National Insurance Co.*, 5:18-cv-00751, Section H, Document 1, and related amendments thereto are referred to herein *in globo* as "the first lawsuit"). UNIC denied liability; it continues to be UNIC's position that this Hotel had a history of mold and water issues that pre-dated the boiler leak at issue and that UNIC is not responsible for the pre-existing issues that CRU failed to mitigate.

On October 23, 2018, after the first lawsuit was filed, CRU transferred all its rights to the Hotel, and all related movables of every nature, including the first lawsuit, to its mortgagee, GreenLake Real Estate Fund, LLC ("GreenLake"), pursuant to a Partial Dation en Paiement ("the Dation").[1]

On September 7, 2019, UNIC filed a Motion for Summary Judgment in the first lawsuit on the basis that CRU no longer had a right of action against UNIC once the Dation conveyed all of

---

[1] A Dation en Paiement is the traditional term in Louisiana for "giving in payment" and is a contract where an obligor gives a thing to the obligee who accepts it in payment of a debt. La. C.C. art. 2655.

its rights to the property and its movables to GreenLake. On October 18, 2019, the Honorable Magistrate Judge Karen L. Hayes of this district, to whom the case had been referred, granted UNIC's Motion for Summary Judgment and dismissed the first lawsuit, with prejudice. (5:18-cv-00751, Document 62).

On November 4, 2019, CRU filed a notice of appeal with the Fifth Circuit Court of Appeals. (5:18-cv-00751, Document 63). The parties have filed their appellate briefs and are awaiting the appellate court's decision. (Court of Appeal Docket No. 19-30945). CRU's main position on appeal is that it did not transfer its rights against UNIC to GreenLake when it entered into the Dation. (CRU's Original Appellate Brief, Case No. 19-30945, Document 00515280568).

On January 31, 2020, almost three months after its notice of appeal was filed, CRU filed this new lawsuit, alleging the exact same breach of contract and bad faith claims as were alleged in the first lawsuit. In the new lawsuit, however, CRU argues that GreenLake assigned back the rights against UNIC to CRU on the same date that CRU filed this new lawsuit. This is the opposite argument CRU is making to the Fifth Circuit in its appeal of the first lawsuit's dismissal, which is that it never conveyed its rights to GreenLake.

## LAW AND ARGUMENT

1. CRU's First Lawsuit is Pending on Appeal and Pursuant to Fed. R. Civ. P. 12(b)(1), this Court Does Not Have Subject Matter Jurisdiction Over this Essentially Identical Lawsuit.

It is well settled law that once a case is appealed, the trial court no longer has subject matter jurisdiction over it. As the Fifth Circuit Court of Appeals stated in *Winchester v. US Attorney, for the S. Dist. of Tex*, 68 F. 3d 947 (5 Cir 1/3/1996), the usual rule is once there is a notice of appeal, the district court loses all jurisdiction over matters on appeal. *Id.* at 948. Likewise, in *Dayton Ind. School Dist. v. U.S. Mineral Products Co.*, 906 F. 2d 1059 (5th Cir. 1990), the Fifth Circuit stated,

3

"the district court does not have the power to alter the status of the case as it rests before the Court of Appeals." *Id.*, at 1063.

In *Cashman Equipment Corp. V. Rozel Operating Co.*, 08-363 (M. D. La. 9/12/13), 2013 WL 5152823, Judge Lemmon of this Court dismissed a motion filed by a party in a case that was on appeal on the basis that the court lacked subject matter jurisdiction to consider the motion. In *Cashman,* the parties' dispute arose out of the sinking of a barge in the Gulf of Mexico and the consequent inability of defendants to return the barge to the plaintiff, the owner of the barge. Before trial, the plaintiff, defendant and the defendant's insurer reached a settlement agreement whereby insurance funds would be deposited in the registry of the court for disbursement pursuant to the ultimate outcome of trial. The case went to trial and the plaintiff prevailed. The judgment of the trial court awarded money damages to the plaintiff and also specified that the remaining excess funds held in the registry of the court would be used to reimburse the defendants after they successfully retrieved the barge.

The plaintiff appealed. The defendants filed a Motion to Enforce the Settlement Agreement to allow them to be reimbursed from the insurance funds in the registry of the court if they successfully retrieved the barge before the appeal was concluded. The court denied the motion and stated, "Once a notice of appeal is filed, the district court loses all jurisdiction over matters brought on appeal . . . A notice of appeal divests the district court of jurisdiction except to take action in aid of the appeal until the case is remanded to it by the appellate court, or to correct clerical errors Under Rule 60(a)." *Id.*, at 2. The court found that the plaintiff's appeal sought appellate review of its interpretation of the settlement agreement which was incorporated into the judgment. Therefore, the trial court no longer had jurisdiction to consider matters related to the settlement agreement.

4

Although here, the new lawsuit is in a different section than the one to which the first lawsuit was assigned, this Court does not have subject matter jurisdiction over this new lawsuit which is essentially identical to the one that is on appeal. The first lawsuit was entirely dismissed. Further, whether CRU transferred its rights against UNIC with the Dation is an issue on appeal; therefore, the transfer of CRU's rights to GreenLake or from GreenLake to CRU are firmly resting before the Fifth Circuit. Even though CRU now claims GreenLake assigned back those rights, in direct contradiction to the position it is taking on appeal that it never conveyed those rights to GreenLake, the overall issue of transfer of rights pursuant to the Dation is before the court of appeal and cannot be determined by this Court. None of the issues in this new lawsuit can be determined by this Court. This Court has no subject matter jurisdiction over this case, and especially those issues, at this time. Therefore, this case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

2. <u>Plaintiff, CRU, is Attempting to Circumvent Fed. R. Civ. P. Rules 56, 59 and 60 by Filing a New, Essentially Identical Lawsuit While the Initial Lawsuit is on Appeal.</u>

With a Rule 12(b)(6) motion, the district court must accept all well-pleaded facts as true; however, the plaintiff must plead facts to state a claim to relief that is plausible on its face. *Katrina Canal Breaches Litigation,* 495 F.3d 191, 205 (5th Cir. 2007). As this part of the Memorandum, and Section 3, *infra*, will show, UNIC is entitled to dismissal on the grounds that plaintiffs may not proceed with this new case even if the court finds it has subject matter jurisdiction, because plaintiffs cannot raise a claim of entitlement to relief with the new lawsuit.

To restate an important fact, the first lawsuit that alleged identical claims as this new lawsuit was dismissed on summary judgment. As the Court knows, the party opposing summary judgment must come forth with adequate evidence of a material issue of fact by the time the court

rules on such a Motion. *Local Union No 59 International Brotherhood of Electrical Workers, AFL-CIO v. Namco Electric Inc.*, 653 F.2d 143, 146 (5th Cir. 8/7/81). Also, under the federal rules, a judgment may only be modified via Fed. R. Civ. P. rule 59 to correct manifest errors of law or fact or to present newly discovered evidence. *Carr v. Capital One*, 10-1717 (E.D. La 9/22/20), 2010 WL 3801552. Under Fed. R. Civ. P. rule 60, a judgment may be vacated for mistake, inadvertence, surprise excusable neglect or any other reason justifying relief from the operation of the judgment, upon a showing of exceptional circumstances. *Torokio v. Chamberlain Mfg. Co.*, 56 F.R.D. 82 (W.D. Pa. 8/3/72). Another significant rule germane to this matter is that a party may not present new facts in the appeal of a dismissal pursuant to a Motion for Summary Judgment. *Local Union 59, supra,* at 146.

      CRU missed all opportunities under any of these rules to prevent dismissal of its first lawsuit. It failed to have adequate evidence to oppose summary judgment under Fed. R. Civ. P. 56. The time to try to vacate the summary dismissal pursuant to rules 59 or 60 has long passed. CRU could not bring in new evidence in its appeal. So, in a last-ditch effort to revive its claims against UNIC, CRU has filed a new lawsuit with identical claims, this time saying that after the appeal had been filed, it regained its rights against UNIC because GreenLake assigned those rights back to it. While a convenient argument for CRU, the Court should not allow these types of legal games that are meant to circumvent the applicable rules. If GreenLake had wanted CRU to retain rights against UNIC, it could have certainly stated so in the Dation, or it could have certainly assigned such rights before Magistrate Hayes ruled on the Motion for Summary Judgment. CRU could have attempted to have the judgment vacated had there been new evidence to show that summary judgment was manifestly erroneous. Instead, it did nothing until after the appeal was

6

filed. This new lawsuit should not be allowed to be an improper "work around" of the dismissal of the first lawsuit.

3. <u>This New Lawsuit was Filed Too Late</u>

In addition to the reasons given above to dismiss the new lawsuit, and just as importantly, it is clear that the new lawsuit was filed too late and therefore, CRU has no cause of action against UNIC pursuant to Fed. R. Civ. P. 12(b)(6).

UNIC's insurance policy contains the following provision about the date by which a lawsuit must be filed against UNIC:

> D. Legal Action Against Us
>
> No one may bring a legal action against us under this Coverage Part unless: (1) there has been full compliance with all of the terms of this Coverage Part; and (2) the action is brought within 2 years after the date on which the direct physical loss or damage occurred.[2]

UNIC submits that this new lawsuit by CRU had to be filed within two years of the boiler incident, or by no later than September 20, 2018. This new lawsuit was filed on January 31, 2020, more than two years too late.

The time limitations period contained in the UNIC policy is valid and enforceable. La. R.S. §22:629(B) provides:

> B. No insurance contract delivered or issued in this state and covering subjects located, resident, or to be performed in this state, or any health and accident policy insuring a resident of this state regardless of where made or delivered, shall contain any condition, stipulation, or agreement limiting right of action against the insurer to a period of less than twenty-four months after the inception of the loss when the claim is a first party claim, and defined in R.S. §22:1210.92 and arises under any insurance classified and defined in R.S. §22:6(6), (7), (10), (11), (12), (13, and (15) . . ..

---

[2] Exhibit 1, pertinent excerpts of the UNIC policy, pp. UNIC001, UNIC019.

UNIC's two-year limitations period comports with La. R.S. §22:629(B) and is therefore aligned with Louisiana public policy.

Next, the insurance policy establishes the limits of liability, and the policy is the law between the parties. *Korean War Veterans Ass'n v. Federal Ins. Co.*, 07-0690 (La. W.D. 1/23/08). In the absence of a conflict with a statute or public policy, insurers have the same rights as individuals to limit their liability and impose whatever conditions they desire upon their obligations. *Id.* In the absence of a statutory prohibition, a clause in an insurance policy fixing a reasonable time to institute suit is valid. *Magnolia Management Corp. v. Federal Ins. Co.*, 06-0447 (E.D. La. 11/19/07), 2007 WL 4124496.

CRU might argue that this new lawsuit "relates back" to the date the first lawsuit was filed, an argument that must be rejected. "Relation back" pursuant to Fed. R. Civ. P. 15 specifically pertains to amended complaints and this is not an amended complaint; it is a new lawsuit. *See Westbrook v. Water Valley Ind. School Dist.*, 6:04-cv-048 (N.D. Tex. 2005), 2005 WL 8153589. Further, even if relation back could apply to a new, separate lawsuit, which UNIC submits it cannot, when a case is dismissed, as was the first lawsuit, there is nothing to which CRU's new lawsuit can relate back. *Id.*, at 4. *See, also, Lambert v. U.S.*, 44 F.3d 296 (5th Cir. 1995), in which the court noted that the dismissal of a first suit left the plaintiff in the same position as if the first suit had never been filed. *Id.* at 298..

## **CONCLUSION**

This Complaint (the new lawsuit) should be dismissed on the grounds that the Court lacks subject matter jurisdiction to consider it; the new lawsuit was filed to circumvent the proper ways CRU could have possibly prevented dismissal of its initial lawsuit; and the new lawsuit has been

8

filed too late. UNIC respectfully prays that the Court grant its Motion to Dismiss, and for all other just and equitable relief.

Respectfully submitted,

**CARAWAY LEBLANC, L.L.C.**


  /s/ Kathryn M. Caraway
**KATHRYN M. CARAWAY   (LA BAR #21231)
ANN MARIE LEBLANC   (LA BAR #20918)**
3936 Bienville Street
New Orleans, Louisiana  70119
Telephone:  (504) 566-1912
Facsimile:  (504) 566-1915
Email:  kcaraway@carawayleblanc.com
           aleblanc@carawayleblanc.com

*Counsel for United National Insurance Company*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has this date been electronically filed using the CM/ECF, which will send a notice of electronic filing to all parties of record.

New Orleans, Louisiana, on this the   18th   day of   JUNE  , 2020.

  /s/ *Kathryn M. Caraway*
**KATHRYN M. CARAWAY**