UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| C R U SHREVEPORT L L C | * | NO. 5:20−CV−00151−TAD−MLH |
| | * | |
| VERSUS | * | JUDGE TERRY A DOUGHTY |
| | * | |
| UNITED NATIONAL INSURANCE CO | * | MAGISTRATE JUDGE MARK L HORNSBY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT
AND TO PERMIT THE FILING OF RESPONSIVE PLEADINGS**

**MAY IT PLEASE THE COURT:**

This Memorandum is submitted by United National Insurance Company (hereinafter "UNIC"), to support its Motion to Set Aside Entry of Default, pursuant to Fed. R. Civ. P. 55 and 60.

**PERTINENT FACTS**

This lawsuit is the second lawsuit against UNIC filed by CRU Shreveport ("CRU") arising out of the same facts. The first lawsuit, which is essentially identical to this one, was dismissed by Magistrate Judge Karen L. Hayes on October 18, 2019 on UNIC's Motion for Summary Judgment and is currently on appeal with the Fifth Circuit Court of Appeals. Undersigned counsel has been the same attorney representing UNIC all along and has had several communications with counsel for CRU in the last two years.

On June 2, 2020, undersigned sent an email to CRU's counsel requesting additional time to respond to the lawsuit. Lead counsel, Rajan Pandit responded that an extension was fine and

1

that was followed up by his colleague in his office, attorney Carla Delpit. She confirmed her understanding that UNIC would file its responsive pleadings by June 9, 2020. Undersigned did not meet the deadline as she had a *Daubert* hearing in Civil District Court, Orleans Parish, on June 12, 2020, was called out of town on a family matter and was still working on the dispositive motions she is filing in this matter concurrently herewith. She inadvertently did not calendar the June 9, 2020 date.

Neither Mr. Pandit or Ms. Delpit provided undersigned with a copy of the Motion for Default, by email, fax or U.S. Mail, even though they knew undersigned was UNIC's attorney, and recently communicated with undersigned. This Motion, and the Motion to Dismiss pursuant to Federal Rules of Procedure, rules 12(b)(1) and 12(b)(6) are being filed today, 9 days after undersigned originally agreed to get them filed. Undersigned was not intentionally dilatory; nor was her client. She apologizes to the Court and to opposing counsel for being late with her responsive pleadings, but believes it would have been professionally courteous for plaintiff's counsel to have at least provided her with a copy of the default motion. Further, as the following will show, the law entitled UNIC to the relief requested.

**LAW AND ARGUMENT**

The Fifth Circuit disfavors default judgments and favors resolving cases on their merits. *See, e.g.*, *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000); *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999). Consequently, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Even when a defendant is technically in default, a "party is not entitled to a default judgment as a matter of right." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996).

An entry of default may be set aside if the party seeking relief shows good cause. Fed. R. Civ. P. 55(c). The decision whether to set aside an entry of default lies within the sound discretion of the district court. *United States v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir. 1985). To determine good cause, the district court should consider whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented. *Lacy v. Sitel Corp.*, 227 F.3d at 292; *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992); *United States v. One Parcel of Real Property*, 763 F.2d at 183. These factors are not exclusive, and other factors may be considered in making this determination. *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d at 64; *In re Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992). Other factors courts consider include whether "the defendant acted expeditiously to correct the default." *Lacy v. Sitel Corp.*, 227 F.3d at 292; *In re Dierschke*, 975 F.2d at 184. Regardless of the specific factors considered, any doubt as to whether to enter or set aside a default judgment must be resolved in favor of the defaulting party. *Chavers v. Hall*, 488 Fed.Appx. 874, 878-79 (5th Cir. 2012).

In *Sanders v. Michaud Constr. Grp.*, LLC, No. 6:18-CV-00423 (W.D. La. 7/19/18), 2018 WL 3521610, at *2, the defendant candidly admitted that the failure to timely respond to the complaint was due to an inadvertent error in calendaring the date on which responsive pleadings were due. Accordingly, the court determined that the default was not willful or intentionally designed to delay the proceedings. The court also found that there would be no prejudice to the defendant in setting aside the default at that early stage in the litigation. Finally, the court concluded that the defendant had potentially meritorious defenses, and set aside the default.

*Dugas v. City of Ville Platte*, No. 6:17-CV-00337 (W.D. La. Aug. 28, 2017), 2017 WL 4248105, at *4 is another case in which the court similarly reasoned there was no evidence the

defendants' delay in answering the complaint was willful, finding that the delay in responding to the suit resulted from either a good faith mistake or excusable neglect. It was undisputed that counsel for the Sheriff's Office and Sheriff Soileau contacted counsel for the plaintiffs upon service of the complaint, identified himself as such, and requested additional time in which to respond to the complaint. The court concluded this demonstrated professionalism and good will. "[M]ere delay does not alone constitute prejudice." Instead, "the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Lacy v. Sitel Corp.*, 227 F.3d at 293 (quoting *Berthelsen v. Kane*, 907 F.2d 617, 621 (5th Cir. 1990)). In *Dugas*, *supra*., the court noted not only was there no evidence of loss of evidence, discovery difficulties, or other issues, the defendants' delay in responding was not excessive. The Sheriff's Office and Sheriff Soileau were now represented by counsel in the suit, and responsive pleadings had been filed. The litigation remained in the very earliest stage and no prejudice was established. *Dugas, supra*, at *4.

      In the present matter, the failure to timely file responsive pleadings was not willful. Like in *Dugas*, UNIC's attorney reached out to the attorney for CRU Shreveport recently and requested an additional week in which to file responsive pleadings, or until June 9, 2020 which was agreed.[1] As the *Dugas* court noted, this demonstrates professionalism and good will. Unfortunately, undersigned, who had a *Daubert* hearing in Orleans Parish Civil District Court on June 12, 2020 and then was required to be out of town due to family obligations, was also preparing dispositive motions in the present case, and inadvertently let the date pass without filing the responsive pleadings.

---

[1] Ex. 1.

Counsel for CRU Shreveport is well aware that undersigned represents UNIC. The relatively amicable relationship between counsel has been ongoing for over two years since CRU filed the first suit against UNIC, *CRU Shreveport v. United National Insurance Co.*, Case 5:18-cv-00751. Further, undersigned is appellate counsel for UNIC in the appeal of that first filed case that is still pending with the Fifth Circuit. Although counsel for CRU may believe they had no duty to request service of the motion to default because undersigned had not technically made an appearance of record, undersigned would have expected the courtesy of a copy of the motion for default prior to it being filed, simply as a matter of professional courtesy prior to an entry of judgment of default being filed.

Setting aside the default will not result in prejudice to the plaintiff. Prejudice shown must be more than the inconvenience of actually having to prove one's claims before the court since the court's preference is for a trial on the merits. *James v. Simmons*, No. CIVA 09-438, 2010 WL 93857, at *3 (W.D. La. Jan. 8, 2010). Like in *Dugas* and *Sanders*, here, Plaintiff has not demonstrated the likelihood of any prejudice in the event of granting defendants' motion. This litigation is still in the earliest stage and there is no evidence of loss of evidence, discovery difficulties, or other issues. CRU Shreveport will not be prejudiced by the granting of this motion because this matter has been pending for less than six months, during several of which the courts have been closed due to the Covid 19 crisis.

Defendant, UNIC is presenting meritorious defenses to plaintiff's claims. In fact, UNIC is filing its Motion to Dismiss pursuant to Fed. R. Civ. P. rules 12(b)(1) and 12(b)(6) concurrently with this pleading.

Finally, as noted above, another factor courts examine in determining if good cause exists, is the timeliness of defendant's actions to cure the default. In *Sanders*, 2018 WL 3521610, at *2,

the court found the defendant acted expeditiously to cure the default, when he filed the motion to set aside the entry of default just five days after default was entered. The court concluded that this factor weighed heavily and unanimously in favor of setting aside the clerk's entry of default. *See also Dugas v. City of Ville Platte*, 2017 WL 4248105, at *4 where the motion to set aside the entry of default and substantive motions were filed within days of the clerk's entry of default, which the court determined weighed in favor of setting aside the motion of default. Similarly, here, UNIC has filed this motion only two days after the entry of default as soon as counsel could after becoming aware of its existence. Also, this is being filed well before the expiration of the 14 day delay from the date of notice of Entry of Default.

## CONCLUSION

The Entry of Default should be set aside because good cause exists. The default was not willful, there is no evidence that setting it aside would prejudice the adversary, and UNIC has presented meritorious defenses in its responsive pleadings filed concurrently herewith. Finally, UNIC quickly cured the default before the expiration of the 14-day delay from the date of notice of Entry of Default.

Respectfully submitted,

CARAWAY LEBLANC, L.L.C.

  /s/ Kathryn M. Caraway
**KATHRYN M. CARAWAY   (LA BAR #21231)**
**ANN MARIE LEBLANC    (LA BAR #20918)**
3936 Bienville Street
New Orleans, Louisiana   70119
Telephone:  (504) 566-1912
Facsimile:  (504) 566-1915
Email:  kcaraway@carawayleblanc.com
            aleblanc@carawayleblanc.com

*Counsel for United National Insurance Company*

6


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing pleading has this date been electronically filed using the CM/ECF, which will send a notice of electronic filing to all parties of record.

New Orleans, Louisiana, on this the ___18th___ day of ___JUNE___, 2020.

                                                /s/ *Kathryn M. Caraway*
                                                **KATHRYN M. CARAWAY**