UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| CRU SHREVEPORT, LLC | * | CIVIL ACTION NO.:  5:20-cv-151 |
|     Plaintiff | * | |
| | * | |
| VERSUS | * | SECTION: |
| | * | |
| UNITED NATIONAL | * | JUDGE TERRY A. DOUGHTY |
| INSURANCE COMPANY | * | |
|     Defendant | * | MAGISTRATE MARK L. HORNSBY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## UNIC'S OBJECTIONS TO REPORT AND RECOMMENDATION

**NOW INTO COURT,** through undersigned counsel, comes United National Insurance Company ("UNIC"), defendant, who respectfully objects to the Magistrate's Report and Recommendation related to UNIC's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), as follows:

1

## I.      **Introduction:**

UNIC objects to several factual and legal conclusions suggested by the Magistrate's Report and Recommendation ("the Report"). In the interest of brevity and a desire to be as concise in the objections it finds most in need of emphasis and/or clarification, UNIC is not copying herein the facts it presented to the Court in both its Motion for Summary Judgement filed in 5:18-cv-0751 (the first lawsuit) or its Motion to Dismiss Pursuant to Rule 12(b)(6) in this matter, 5:20-cv-00151. Nor will UNIC duplicate herein its argument related to why it believes this case is prescribed. UNIC would ask the Honorable District Court Judge to allow it to incorporate those facts and its position on prescription, as if included in extenso.

UNIC specifically writes separately herein regarding its objections to  the Magistrate's Report on why it appropriate now for the Court to consider UNIC's Res Judicata defense now pursuant to Rule 12(b)(6) and why dismissal is required pursuant to res judicata.

## II.      **Standard of Review**

The District Judge may accept, reject or modify the Magistrate's Report and Recommendation. A district judge must determine *de novo* any part of the Report that has been properly objected to.  Fed. R. Civ. P. 72(b)(3).  The court reviews all other portions of the report for clear error.  *Noranda Ulumina V. Associated Terminals, LLC*, 16-16677 (E.D. La 2018), 2018 WL 1092213.

## III.      **UNIC's Objection to Facts**:

UNIC is well aware and does not disagree that with a 12(b)(6) motion, "the court must accept all factual allegations in the plaintiff's complaint as true." However, out of an abundance of caution and so as not be considered as waiving its right to dispute the accuracy of the facts as alleged by plaintiff or the Magistrate's Report at any time, including on a potential appeal, UNIC disputes the following facts contained or insinuated by the Magistrate's Report:

- UNIC disputes that business at the Hotel suffered due to a number of rooms being unavailable for an extended time or that CRU defaulted on its mortgage payments due to damage at the Hotel for which insurance amounts were not paid.

- The Magistrate's Report omitted in its recitation of the case's history that Magistrate Judge Haye's granting of UNIC's Motion for Summary Judgment ("MSJ") was specifically designated "with prejudice."

- Any suggestion that this is a potentially "multi-million dollar" claim is not factually based and should have no bearing, whatsoever, on whether this case should be dismissed on grounds of res judicata or prescription.

- While UNIC appreciates that the Magistrate confirms UNIC's right to later make the same dismissal request via a Motion for Summary Judgment, UNIC disputes the factual and/or legal "fact" that UNIC will suffer no undue prejudice by not having its dismissal rights decided now.

## IV.  <u>RES JUDICATA OBJECTIONSs</u>

### A.  UNIC's Res Judicata Defense is Appropriately Before the Court Right Now Under a Rule 12(b)(6) Motion.

UNIC is entitled to seek dismissal of this lawsuit as barred by res judicata pursuant to a Rule 12(b)(6) motion.  *Hamed v. JPMorgan Chase Bank, N.A*., 13-5833 (E.D. La. 2014), 2014 WL 433208, *3.  *See, also*, *Bailey v. Oakbourne Country Club*, 6:14-2546 (W.D. La. 2015), 2015 WL 4622418, in which the court confirmed a suit could be dismissed on res judicata grounds pursuant to a Rule 12(b)(6) motion when the admitted and uncontroverted facts are contained in public records of which the court takes notice. *Id*., at *2. All of the facts that support dismissing this case as barred by res judicata are in the public record.  UNIC is unaware of any additional facts or evidence that should be required for proper disposition of its Rule 12(b)(6) motion, and

does not believe, under the facts and argument supplied below, that UNIC should be further required to further be a party to this case, file an Answer, and potentially be forced to expend additional time, effort and resources to obtain the relief that it respectfully submits it is entitled to now. UNIC respectfully requests that the Court take notice of the pertinent facts, pleadings and exhibits that are already in this record and the record of the first lawsuit filed in the Western Division of this Louisiana Federal Court.

### B. General Principles of Res Judicata

Under the doctrine of res judicata, parties and their privies are precluded from relitigating claims that were or should have been raised in a prior action and have reached a final judgment on the merits. *David v. Signal Int'l*, LLC, 08-1220 (E.D. La. 2015), 2015 WL 7777978. The doctrine of res judicata "acts to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Walgreen Co. v. DHH*, 05-190 (M.D. La. 2006), 2006 WL 8432933.

For the doctrine of res judicata to apply, four requirements must be satisfied: (1) the parties must be identical in both suits; (2) the prior judgment must have been rendered by a court of competent jurisdiction (3) the prior judgment must have been a final judgment on the merits; and (4) the same claim or cause of action must be involved in both suits. *Swate v. Hartwell*, 99 F.3d 1282, 1286 (5th Cir. 1996); *Walgreens Co. v. DHH*, 05-190 (M.D. La. 2006), 2006 WL 8432933; *Murray v. U.S.*, 06-1143 (W.D. La. 2006), 2006 WL 3328203. "If the later suit advances the same claim as an earlier suit between the same parties, the earlier suit's judgment prevents litigation on all grounds for, or defenses to recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Group, Inc.*, 140 S.Ct. 1589, 1594 (2020). Suits involve the same claim or

4

cause of action when they arise from the same transaction or involve a common nucleus of operative facts.  *Id.,* at 1595.

An action that has been dismissed "with prejudice" is a final judgement on the merits. *Oreck Direct, LLC v. Dyson, Inc*., 560 F.3d 398, 401 (5th Cir. 2009); *Schwartz v. Folloder*, 767 F.2d 125, 129-130 (5th Cir. 1985); *Bouler v. Trans Union, LLC*, 4:19-cv-00880 (S.D. Tex. 2019), 2019 WL 6255572.[1] The Fifth Circuit Court of Appeals has noted, without qualification, that "of course, a summary judgment is always 'with prejudice.' It 'is on the merits and purports to have a res judicata effect on any later action.'" *Tuley v. Heyd*, 482 F.2d 590, fn 2 (5th Cir. 1973). It is a "well known rule that federal court may not abrogate principles of res judicata out of equitable concerns."  *Comer v. Murphy Oil, USA, Inc*., 718 F.3d 460, 468 (5th Cir. 2013).

Under these foregoing legal principals, submitted in his Motion to Dismiss it is clear that this second lawsuit is barred by res judicata.

(1) The parties, CRU (plaintiff) and UNIC (defendant) are identical in this lawsuit as in the first lawsuit.

(2) The original dismissal was rendered by a division of this Court, which no one can dispute was a court of competent jurisdiction.

(3) The full and complete dismissal of the first lawsuit, with prejudice, was a final judgment on the merits.  Confirming the finality of the judgment is the recent judgment of the appellate court affirming the first lawsuit's dismissal.

(4) CRU's complaints in this case are exactly the same as the ones in the first lawsuit and arise out of the same nucleus of operative facts.  In both lawsuits, CRU alleges that UNIC

---

[1] Even cases dismissed based on jurisdictional deficiencies are considered "final judgments on the merits." *Comer,* 718 F. 3d at 469.

breached its contractual duties under the insurance policy to pay CRU for alleged damages caused by the boiler incident at its hotel on September 20, 2016.  In both suits, CRU alleges UNIC is liable for bad faith damages pursuant to La. R.S. 22:1892 and La. R.S. 22:1973. All of the allegations against CRU in both suits relate to the exact same boiler incident.

### C. Objection to the Magistrate's Report on Whether Dismissal of the First Lawsuit Was a "Final Judgment on the Merits:"

The first issue UNIC seeks to file an objection to is the Report's suggestion that it is not necessarily clear the dismissal with prejudice of the first lawsuit was a "final judgment on the merits." The Report acknowledged that "while the prototype case is one in which the merits of the claim are in fact adjudicated against the plaintiffs on substantive issues, some cases have held that judgments not passing directly on the substance of the claim can operate as a bar," citing Restatement (Second) of Judgments Section 19 (1982), comment (a). But the Report suggested that even though the dismissal of the first lawsuit was with prejudice,  Moore's Federal Practice has observed in some cases that the courts are unwilling to find that a judgment of dismissal is on the merits "if it arises from an objection to subject matter jurisdiction, personal jurisdiction, service of process, venue or any other ground that does not go to the legal or factual sufficiency of the claim to relief." The Magistrate also noted that some Restatement provisions "arguably favor CRU such as 'A valid and final personal judgment for the defendant, which rests on the prematurity of the action or on the plaintiff's failure to satisfy a precondition to suit, does not bar another action by the plaintiff instituted after the claim has matured, or the precondition has been satisfied unless a second action is precluded by operation of the substantive law."

The following will show that dismissal of the first lawsuit did not rest on jurisdictional grounds, the prematurity of the lawsuit, or on CRU's failure to satisfy a "precondition" to suit, and

is therefore preclusive.  The discussion of these issues begins with Fed. R. Civ. P. Rule 41(b), which provides:

> **Involuntary Dismissal; Effect**.  If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

The Report is correct that the Fifth Circuit Court of Appeals has recognized that Rule 41(b)'s lack of jurisdiction exception has sometimes been expansively defined to include "those dismissals which are based upon a plaintiff's failure to comply with a precondition requisite to the Court's going forward to determine the merits of his substantive claim."  *Miller v. Nationwide Life. Ins. Co.*, 06-31178 (5th Cir. 2008), 2008 WL 3086783. Examples of such judgments where the courts dismissed cases on "expansive" jurisdictional grounds because of  the plaintiff's failure to follow a "precondition" such that the judgment was deemed not to operate as a "final judgment on the merits"  include *Jordan v. Mitchell* 10-746 (M. D. La. 2011); 2011WL 2746304, in which the court dismissed an employment case on prematurity grounds pending review by the Equal Employment Opportunity Commission; *Evalobo v. Aldridge*, 2:16-cv-00539 (D. Nev. 2016); 2016 WL 7379021, in which the court dismissed the first case for failure of service of process; *Firefighters Retirement System v. EisenAmper LLP*, 898 F.3d 553 (5th Cir. 2018), in which the first suit against accountants was dismissed as premature because the law required the claim to be first submitted to an accountant review panel; *Gulf Inland Contractors, Inc. v. Hanover Ins. Co.*, 15-00458 (M.D. La. 2016), 2016 WL 3645190, in which the first suit was dismissed due to plaintiff's failure to provide defendants with required notices which were preconditions mandated by the Miller Act (which pertains to government construction contracts); and *Barnett v. U.S. Atty. Gen.*,

7

1:11CV203 (N.D. W. Va. 2012); 2012 WL 5512269, in which the first case was dismissed for plaintiff's failure to exhaust administrative remedies before filing suit. In each of these cases, the court found jurisdictional defects that required immediate dismissal but that did not qualify to bar subsequent new suits.

The Magistrate's Report cites *Federal Treasury Enterprise Sojuzplodoimport OAO v. Spirts Intern. B.V.*, 809 F.3d 737 (2d Cir. 2016) as a case it believed similar to this one where the dismissal was considered jurisdictional and not on the merits. But *Federal Treasury* cannot apply. In *Federal Treasury*, the court stated the principle issue was whether FTE, an agency of the Russian Government, had been endowed by Russa with rights that gave it "standing" to pursue trademark claims in the United States under the Federal Lantham Act.  The first suit was dismissed on the ground that under the Lantham Act, the Russian government retained too great an interest in the trademarks for its assignee, FTE, to have standing to sue.  The court suggested that if all of its rights were properly assigned to FTE, a non-governmental entity, FTE might have standing. Russia then issued a decree to transfer all its trademark rights to FTE. FTE filed a second suit against defendants, again claiming Lantham Act violations. The court dismissed the second suit on, *inter alia*, res judicata grounds.

The Second Circuit Court of Appeals reversed stating in the prior case, the Lantham Act claims were dismissed as being premature because FTE did not have standing which was a precondition to suit under the Lantham Act.  After Russia assigned all its rights to FTE, the latter then had requisite standing.

Here, the Magistrate's belief that *Federal Treasury* suggests an analogous situation exists is misplaced and actually contradicts edicts from the Fifth Circuit on the distinction between "standing" and "real party in interest." In *Federal Treasury*, the reason the first litigation was

dismissed was because the plaintiff lacked standing, a precondition to bringing suit.  Here, UNIC never asserted lack of standing.  UNIC's MSJ was based on CRU not being the real party in interest under Fed. R. Civ. P. Rule 17.

The Fifth Circuit has specifically held that "standing" and "real party in interest" issues are **different in very important ways**.  In *Norris v. Causey*, 869 F. 3d 360 (5th Cir. 2017), the court explained there "is a key jurisdictional distinction between a challenge that a plaintiff lacks Article III standing and one that she is not the real party in interest."  *Id.* at 366.  The court emphasized a real party in interest challenge is **nonjurisdictional**.  *Id.* at 367, and that a "real party in interest" challenge presents a **merits question**: "who, according to the governing substantive law, is entitled to enforce the right?" *Id*. [Emphasis added]. The court stated challenging a party for lack of being the real party in interest cannot be jurisdictional, as it is a challenge that can be waived, unlike standing which concerns Article III subject matter jurisdiction and cannot be waived. *Norris*, 869 F. 3d at 366-367. *See also, FDIC v. Hartford Ins. Co. of Ill*., 877 F.2d 590, 592 (7th Cir. 1989) (Standing is jurisdictional; the real party in interest doctrine is not).

While *Norris, supra,* concerned whether a judgment could be set aside for jurisdictional grounds pursuant to Rule 60 (as opposed to res judicata), the case is on point for determining whether Judge Hayes' dismissal of the first lawsuit here was jurisdictional versus on the merits for purposes of res judicata. The Fifth Circuit *in Norris* makes clear that contrary to the Magistrate's suggestion, the dismissal of the first lawsuit for lack of a real-party-in-interest was not a dismissal due to a lack of a "precondition" that could be considered jurisdictional under Fed. R. Civ. P. Rule 41(b) like the example cases cited, *supra*.  Nowhere in UNIC's MSJ did it argue that CRU failed to satisfy a precondition to continue as a plaintiff. In fact, if UNIC had not filed the MSJ based on CRU's lack of real-party- in-interest status, UNIC could have potentially waived its objection and

CRU could have theoretically proceeded as plaintiff through resolution of the case (which is apparently what CRU had hoped would happen unnoticed.) As the Court knows, without standing, a case may not proceed at all and the court may dismiss it for lack of standing whether a party raises the objection or not. This is compelling evidence that UNIC moving for CRU's dismissal in the first case was not an effort to force CRU to satisfy a jurisdictional "precondition."  To the contrary, the basis of UNIC's motion was on the merits of whether CRU, after it transferred all movables to its mortgagee, continued to possess the right under the substantive law (the insurance policy) to be a plaintiff against UNIC, a right the Fifth Circuit has defined as nonjurisdictional related to the merits. Thus, in sum, because the first lawsuit was specifically dismissed on MSJ with prejudice, and because the dismissal was not based on a precondition requisite, lack of jurisdiction, venue infirmaties, or Rule 19 joinder issues, the dismissal must be considered an adjudication on the merits under the clear and specific mandates of Rule 41(b).

### A.  Objection to the Magistrate's Report on Whether the Parties in the Two Cases are Identical:

The requirement under res judicata law that the parties to the two different proceedings be the same is met here, despite the Magistrate's misgivings.  When CRU initially filed its first suit, as the policy owner it was concededly the correct plaintiff to bring first-party lawsuit allegations against UNIC. During the pendency of the first lawsuit, UNIC discovered CRU was not actually the owner of the Hotel. The Dation that transferred CRU's ownership of the Hotel and all movables, including litigious rights, to its mortgage company, GreenLake, occurred during the course of the first lawsuit. But UNIC agrees that when the lawsuit was filed, CRU had capacity to file the suit.

If it is true that GreenLake's successor, 70th Hospitality, has assigned all of the litigation rights against UNIC back to CRU, then CRU apparently finds itself in technically the same capacity as when it started the first suit since, when it first filed as plaintiff in the first lawsuit, it owned the right to file the case against UNIC.

This is different than the situation in *Wagoner v. Chevron*, USA, Inc., 48, 119 (La. App. 2 Cir. 7/24/13), cited by the Magistrate's Report. In *Wagoner*, The Wagoners sued in the first suit as surface property owners. Under the law of the "subsequent purchaser rule,"  the law did not give them the right to sue and their claims were dismissed.  The subsequent purchaser rule is that an owner of property has no right in recovering from a third party for damage inflicted on the property before the owner's purchase, unless the person who owned the property when the damage was inflicted, assigns his right to the subsequent purchaser.

The Wagoners then obtained an assignment of the mineral servitude rights (which the Wagoners never owned before) from mineral servitude owners who apparently owned the servitudes at the time the alleged damage occurred to the property. The Wagoners filed a new suit to seek damages.  The court found no res judicata because the Wagoners were appearing in a different capacity (servitude assignees) who had rights that were different than the rights they had as surface owners.  The court found the Wagoners were not barred by res judicata to bring their suit against the same defendants, because they did so in a different capacity with different legal rights than they had in the first suit.

Then the court stated in the first case the rights of surface owners was litigated, and it was found the Waggoners could not prevail under the subsequent purchaser rule.  In the second case, however, the subsequent purchaser rule did not apply to them because this time, they were not

surface owners, they were instead mineral servitude owners and nothing was litigated with mineral servitude owners or their rights as same.

Waggoner is irrelevant to this case. At least to UNIC's current knowledge, CRU's right as the former owner of the UNIC insurance policy and its right as the current purported assignee of the that which emanates from that insurance policy are exactly the same.  If technically CRU was the owner of the policy and now is the assignee of the policy, unlike in *Wagoner*, the character of either identity gives CRU the same rights and therefore, any difference as a previous owner of all movables, and now, the assignee of the movable should be considered a difference without a distinction.[2]

Here, as stated above, CRU started as the owner of the litigation rights against UNIC and again, starts out as the owner of the same litigation rights against UNIC (albeit, this time through an ostensible assignment of the rights they lost during the pendency of the first lawsuit).  Further under either capacity, as original owner of the insurance policy right, or now, as the assignee of the insurance policy right, they appear in the exact same capacity.

### B. Objection:  CRU's First Case was Res Judicata Due to CRU's Failure to Avail Itself of Opportunities to Pursue its Remedies.

The Magistrate acknowledged that UNIC argued in its 12(b)(6) motion that CRU's  second suit circumvented various federal rules of Civil Procedure; and that while the Magistrate believed "CRU may have saved itself and everyone else a lot of trouble if it had taken one of these steps, UNIC did not cite any authority that would prohibit a party from later exercising such rights in

---

[2]  As stated, CRU is the identical for all intents and purposes as CRU was when it first filed the first lawsuit;  UNIC submits there is no meaningful difference. However, out of an abundance of caution, UNIC reserves its right to raise other legal defenses potentially related to the assignment (irrelevant to res judicata) if this case is not dismissed, as requested, by UNIC at this juncture.

similar circumstances unless they are barred by res judicata . . ..”  UNIC agrees it could have more fully flushed out its argument in its original memorandum that CRU's failures to prevent dismissal of the first proceeding were additional reasons for finding res judicata. UNIC will attempt to more thoroughly articulate its position now.

The court in *Barrett v. U.S. Atty Gen.*, 1:11cv203 (N.D.W.Va. 2012); 2012 WL 5512269, discussed the purpose of res judicata as explained by the Restatement (Second) of Judgments, § 19(a) (1982):

> The rule that a defendant's judgment acts as a bar to a second action on the same claim is based largely on the ground that fairness to the defendant, and sound judicial administration, requires that at some point litigation over the particular controversy comes to an end.  These considerations may impose such a requirement even though the substantive issues have not been tried, **especially if the plaintiff has failed to avail himself of opportunities to pursue his remedies in the first proceeding.** [Emphasis added].

The Reporter's Comments explain that this section "sets forth the rationale for the general rule that a valid final judgment for the defendant operates as a bar – a rationale derived in significant part from the **increased availability, in modern procedural systems, of the means for correcting pleading and other errors in the initial proceeding**." [Emphasis added]. In the same vein, Wright & Miller has stated, "Preclusion might well rest on a rule that **failure to take reasonable steps** to accomplish a demand before going through a full trial should defeat any subsequent demand."  Wright & Miller, 18 A Fed. Prac. & Proc. Juris Section 4435 (3d ed.).

The record (in this case and in the previous case) shows that finding res judicata bars this second lawsuit is appropriate due to CRU's numerous failures to avail itself of opportunities to "pursue its remedies in the first proceeding," and failure to take reasonable steps to accomplish its demand.  Here are the ways CRU failed to pursue its remedies in the first proceeding.

- If CRU and GreenLake (and then 70th) truly intended for CRU to maintain its right to sue UNIC, language reflecting such could have easily been inserted into the Dation.  It was not.

- Once UNIC's Motion for Summary Judgment was filed, instead of or in addition to CRU making the implausible arguments that the lawsuit was not transferable by the Dation as a "movable" and CRU and that GreenLake never meant for the Dation to transfer CRU's right to the lawsuit, CRU could have also presented the court with 70th 's commitment to assign the litigation rights back to CRU before the MSJ was decided.

- Since CRU attached the affidavit of Paul Diamond of Greenlake to oppose UNIC's MSJ in the first case (Doc. 52-3), to show GreenLake did not intend to be transferred the litigation rights against UNIC via the Dation, there is no explanation why Mr. Diamond did not, out of abundance of caution, also declare, alternatively, that GreenLake (or his affiliate 70th, was reassigning the lawsuit rights against UNIC back to CRU.

- CRU could have sought leave to amend the lawsuit pursuant to Fed. R. Civ. P. Rule 15 to add the proper plaintiff. The rule specifically provides "the court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. Rule 15 (a)(2).  The Fifth Circuit has stated, "[I]t is not unusual for plaintiffs who oppose a motion to dismiss to request leave to amend in the event the motion is granted.  Although the denial of such a motion may not be an abuse of discretion . . . our cases support the premise that 'granting leave to amend is especially appropriate . . . when the trial court has dismissed the complaint for failure to state a claim.'"  *Great Plains Trust Co. v. Morgan Stanley Dean Witter &C Co.*, 313 F.3d 305, 329 (5th Cir. 2002).  *See, also, Skinner v. Ard*, 19-66 (M.D. La. 2/11/20); 2020 WL 699740, *11 ("[D]ismissal under Rule 12(b)(6) generally is not immediately final or on the merits because the district court normally will give the plaintiff leave to file an amended complaint to see if the shortcomings of the original document can be corrected." CRU never sought leave to amend.

- CRU could have requested in its opposition to the MSJ that if the court believed dismissal was appropriate, that the dismissal specifically be "without prejudice" to ensure the dismissal did not have preclusive effect. CRU did not make this request.

- UNIC does not know why 70th waited until after the first lawsuit was dismissed with prejudice and an appeal pending to assign its rights against UNIC back to CRU.  But this Court should find that it waited too long.  After the court granted the MSJ with prejudice, CRU could have obtained the assignment and arguably tried to try to change the judgment pursuant to Fed. R. Civ. P. Rule 59 or Fed. R. Civ. P. Rule 60.  It did not. [3]

- Once on appeal, CRU did not ask the Fifth Circuit to consider changing the dismissal from "with prejudice" to "without prejudice" or argue that if the court was inclined to dismiss the suit, that it be given time to amend the lawsuit to add the real party in interest.  It did not.

It is unknown whether CRU would have been successful with any of these procedural opportunities, but the point is that they existed and CRU did nothing to avail itself of them;  CRU did not avail itself of the opportunities to try to correct pleadings or other errors, to try to accomplish its demand once challenged by the MSJ, or to ensure its pursual of available remedies in the first proceeding. If CRU argues it was deprived of the ability to fully adjudicate the merits of its lawsuit, it is because CRU inexplicably failed to try to avoid being barred by a formal, final, judgment of dismissal with prejudice.

---

[3] Fed. R. Civ. P. Rule 59(e) allows a party to file a Motion to Alter or Amend a Judgment and must be filed no later than 28 days after the entry of judgment. Under Fed. R. Civ. P. rule 60, a judgment may be vacated for mistake, inadvertence, surprise excusable neglect or any other reason justifying relief from the operation of the judgment, upon a showing of exceptional circumstances.  *Torokio v. Chamberlain Mfg. Co*., 56 F.R.D. 82 (W.D. Pa. 8/3/72).

CRU certainly cannot blame UNIC for any of its procedural strategy. Once UNIC discovered the Hotel and all its movables had been transferred by the dation months after CRU's suit was file, UNIC reasonably sought dismissal of the first suit because CRU no longer had a real interest in the litigation.  But by filing the MSJ, UNIC did nothing to prevent CRU from availing itself of the numerous available procedural avenues mentioned above to try to keep the case viable. UNIC has no knowledge as to the reasons for CRU's inexplicable inaction. Perhaps it did not want Greenlake or 70th to know it had filed a lawsuit against UNIC[4];  perhaps GreenLake and 70th were uncomfortable with the myriad of CRU's unsupportable allegations against UNIC; perhaps GreenLake and 70th were unwilling to share the financial benefits and losses involved in litigation; perhaps none of those actors timely communicated with each other about any of it because their relationship was strained. Whatever the reason, UNIC had clean hands; it did nothing to prevent any of them from attempting timely steps to keep the case from being dismissed with prejudice.

*Cleartrac, LLC v. Lanrick Contractors, LLC*, 19-12137 (E. D. La. 1/9/20) provides an excellent example of why a plaintiff's failure to avail itself of the opportunities to pursue its remedies is reason for finding res judicata.  In that case, the company, Cleartrac, obtained a default judgment in a Texas state court against Lanrick Contractors. Cleartrac filed a motion in a Louisiana state court to make the judgment executory in Louisiana, which was granted.  Then, Cleartrac filed a Petition to Enforce Judgment in the same Louisiana state court.  Cleartrac subsequently amended this Petition to add additional defendants.  The defendants filed an exception of no right of action because Cleartrac had been dissolved.  The court sustained the exception of no right of action;

---

[4] The affidavit of Paul Diamond, a member of GreenLake, attached to CRU's opposition to the MSJ in the first suit, attested he was not aware of the existence of the first lawsuit on October 23, 2018 (months after its filing), even though, on that date, GreenLake became a rightful owner pursuant to the Dation recordation. *See*, 5:18-cv-00751, Paragraph 9, Doc. 52-3.

however, it gave Cleartrac an opportunity to amend (apparently to substitute the individual owner of the company as the plaintiff), but Cleartrac failed to do so.  Thus, the court dismissed the case.

Cleartrac then filed a Complaint in Federal Court (Eastern District of Louisiana) to enforce the Texas judgment against defendants.  Defendants filed a motion to dismiss under the doctrine of res judicata. The federal court granted dismissal under res judicata, finding the federal suit was an "end-run" around the Louisiana state court's ruling, particularly since the state court had given Cleartrac an opportunity to amend its petition to cure the right of action problem, but Cleartrac failed to do so.

Another case in which the plaintiff unilaterally created its inability to "fully litigate its case on the merits" is *Community State Bank v. Strong*, 651 F.3d 1241 (11th Cir. 2011). In that case, the court noted, "An adjudication on the merits does not require that the litigation should be determined on the merits, in the moral or abstract sense of these words,  It is sufficient that the status of the action was such that the parties might have had their suit deposed of, if they had properly presented and managed their respective cases.  Thus, it is only where the merits were not **and** could not have been determined under a proper presentation and management of the case that res judicata is not a viable defense. If, pursuant to an appropriate handling of the case, the merits were or could have been determined, then the defense is valid. *Id*. at 1269.

These cases are examples of why dismissal of this second suit is appropriate under res judicata. Our previous court did not give CRU an opportunity to amend its Complaint since a federal court is under no obligation to provide leave to amend *sua sponte*, *Rance v. Winn,* 287 Fex. Appx. 80 (11th Cir. 2008).  **But CRU did not ask for leave to amend, which was within its rights to do pursuant to Fed. R. Civ. P. rule 15, as stated above**. CRU could have asked for relief in several additional ways pursuant to the Federal Rules that federal courts do not grant *sua sponte*,

17

but did not. The only thing it did was file an appeal on the same grounds it argued to the trial court, allowing the lower court's dismissal with prejudice to stand. CRU's filing of the second lawsuit, like the filing of the second lawsuit in *Cleartrac*, was obviously an end-run around a dismissal CRU did not want, and an end-run around its own decisions, for whatever reasons, to shun all available procedural options to timely try to keep the lawsuit alive.  UNIC submits that CRU's very own decisions created all of the legally supporting reasons under the Restatement (Second) of Judgments and the reasoning from Wright & Miller, that even if the actual merits of CRU's original case were not tried, this case should be considered barred by res judicata. UNIC further submits there should be no effective distinction made under Fed. R. Civ P. Rule 41(b) between the preclusive effect of a final judgment that dismisses a case due to a litigant's noncompliance with a court order or failure to prosecute its claims under the rule, and here, where the plaintiff failed to take easily accessible steps to keep its case alive under a myriad of procedural options.

CONCLUSION

For the foregoing reasons, UNIC respectfully requests that the Court, using its authority to review the issues de novo, reject the Magistrate's Report, find that this second suit must be dismissed with prejudice as prescribed or as barred by res judicata and for all other just and equitable relief.

Respectfully submitted,

**CARAWAY LEBLANC, L.L.C.**


  /s/ Kathryn M. Caraway
**KATHRYN M. CARAWAY   (LA BAR #21231)**
**ANN MARIE LEBLANC   (LA BAR #20918)**
3936 Bienville Street
New Orleans, Louisiana  70119
Telephone:  (504) 566-1912
Facsimile:  (504) 566-1915
Email:  kcaraway@carawayleblanc.com
            aleblanc@carawayleblanc.com

*Counsel for United National Insurance Company*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has this date been electronically filed using the CM/ECF, which will send a notice of electronic filing to all parties of record.

New Orleans, Louisiana, on this the ___22nd____ day of ___SEPTEMBER___, 2020.


  /s/ Kathryn M. Caraway
**KATHRYN M. CARAWAY**