UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| C R U SHREVEPORT, LLC | CIVIL ACTION NO. 20-cv-151 |
| VERSUS | JUDGE DOUGHTY |
| UNITED NATIONAL INSURANCE CO | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

### Introduction

CRU Shreveport, LLC ("CRU") is the former owner of a Wyndham Garden hotel in Shreveport that suffered water damage when a boiler burst. CRU filed an earlier lawsuit against its insurer, United National Insurance Company ("United"), to recover damages under a policy. The court granted summary judgment for United and dismissed the first suit because the court found that, after the suit was filed, CRU assigned its interest in the hotel and the insurance claim to another entity. CRU appealed and, while the appeal was pending, had the owner of the insurance-claim rights reassign them to CRU. With its right to pursue the claim restored, CRU then filed this second civil suit against United.

Before the court is CRU's Motion to Compel Appraisal and Stay Case. Doc. 34. For the reasons that follow, it is recommended that the motion be denied.

### Relevant Background

Set forth below is a summary of the procedural history and the relevant allegations found in the record of the first suit and the complaint filed in this case.

CRU financed the purchase of a Wyndham Garden hotel with a loan from GreenLake Real Estate Fund, LLC ("GreenLake"). A boiler in the hotel's HVAC system burst in 2016 and caused water damage to a number of hotel rooms. CRU filed a claim with its insurer, United, and the insurer made a payment on the initial claim. CRU then claimed the damage to the hotel was much more extensive than it originally thought, and this led to a dispute about the extent of coverage under the policy.

Business at the hotel suffered due to a number of rooms being unavailable for an extended time, and CRU defaulted on its mortgage payments to GreenLake. CRU and GreenLake entered into a forbearance agreement in 2017 that required CRU to execute a partial dation en paiement that, if CRU defaulted on the forbearance agreement, would be recorded and convey the hotel and associated property to GreenLake.

CRU filed its first suit against United in June 2018 under civil action number 5:18-cv-0751. CRU alleged that United breached the insurance contract by failing to fully reimburse CRU for water-related damage to rooms and that United breached its duty of good faith and fair dealing under Louisiana insurance penalty statutes.

In October 2018, about four months after CRU filed suit against United, GreenLake recorded the dation in Caddo Parish, which triggered the conveyance of the hotel and all movable property associated with it from CRU to GreenLake. United later learned about the conveyance, and it filed a motion for summary judgment that argued CRU no longer had a right of action against United because CRU gave up any rights it had in the hotel or the movable property associated with it—including insurance recovery rights—via the dation.

The court granted United's motion for summary judgment, and the Fifth Circuit affirmed. CRU then commenced this action by filing a new complaint in January 2020 while the appeal was pending in the first case. The new complaint essentially repeats the allegations from the first suit that United is responsible for certain claims made pursuant to the policy and liable for statutory penalties. CRU adds some new allegations with respect to its right to pursue the claims. CRU prays for a judgment in excess of $20,000,000 in replacement cost value, plus additional awards for emergency and temporary repair expenses, business income losses, consequential damages, and statutory penalties and attorney fees.

United responded to the new complaint with a Motion to Dismiss, arguing, among other things, the court lacked jurisdiction, the complaint was untimely, and the new complaint is barred by res judicata. The undersigned issued a Report and Recommendation (Doc. 28) suggesting that the motion be denied. As to res judicata, the undersigned found that the better approach was to explore that affirmative defense on a properly supported and fully briefed motion for summary judgment. While the Report and Recommendation was under consideration by Judge Doughty, CRU filed the pending Motion to Compel Appraisal and Stay. Judge Doughy later adopted the Report and Recommendation. Doc. 37.

**The Appraisal Provision**

CRU argues, and United does not dispute, that the insurance policy at issue contains the following provision:

> "2. Appraisal. If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will: a. Pay its chosen appraiser; and b. Bear the other expenses of the appraisal and umpire equally. If there is an appraisal, we will still retain our right to deny the claim.

**The Parties' Arguments**

CRU argues that the appraisal process would resolve the disputed issue of the value of CRU's property damage claim and thereby promote the principles of judicial economy and efficiency. United disagrees and argues that (a) CRU waived its right to request appraisal by failing to invoke that provision within a reasonable time; (b) United would be prejudiced by the appraisal process because it has already expended significant legal fees in defending this and the earlier filed case; (c) This case is not solely about the amount of the loss, so appraisal would not resolve the entire dispute; and (d) The appraiser selected by CRU was its expert in the first case, so he is not impartial.

**Law and Analysis**

A party can waive invocation of appraisal by acting in a manner that is "inconsistent with invocation of the provision." Dwyer v. Fidelity, 565 F.3d 284, 287 (5th Cir. 2009). The most frequent situation in which such a waiver occurs in where the party moving to compel appraisal has delayed making such a request for a lengthy period. Marquette v. Southern Fidelity, 2015 WL 13529953 *3 (E.D. La. 2015).

The appraisal provision in this case does not set a deadline to demand appraisal. In such cases, an appraisal must be demanded within a reasonable time after a dispute as to the amount of loss arises. Marquette, supra. The expanse of time between the dispute arising and the demand for appraisal is the primary consideration. Id. at *4. Some courts have found a delay of four or more months to be an unreasonable delay absent some exception, while a period of two months or less is reasonable. Id.

The undersigned finds that CRU waived its contractual right to demand appraisal by failing to invoke the provision sooner. In a September 18, 2017 letter to United from CRU's attorney, CRU stated that United's prior payments were inadequate to cover CRU's losses, and CRU demanded immediate payment of the remaining amounts owed under the policy:

> Although you have had almost a full year to investigate this covered loss and provide all payments owed, you have failed to do so and have handled this claim in violation of Louisiana law. In particular, despite satisfactory proof of loss your payment remains inadequate to cover loss of revenue and air quality issues that were a direct result of this covered occurrence. This letter represents a formal demand that you immediately pay the remaining amounts owed under the policy…

Surely the sending of this letter reflects a definite and serious dispute as to the amount of the loss. Either party would have been well within their rights to invoke the appraisal provision within a reasonable amount of time after that letter. But CRU did not do so; instead it sued United twice, appealed to the Fifth Circuit, and caused United to engage in expensive litigation and discovery. And it was not until September 8, 2020, almost three years after the letter was sent, that CRU invoked the appraisal provision. The

court should not condone CRU's testing of the litigation waters in two federal lawsuits for several years before invoking the appraisal provision.

Accordingly,

It is recommended that CRU's Motion to Compel Appraisal and Stay (Doc. 34) be denied.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 18th day of November, 2020.

Mark L. Hornsby
U.S. Magistrate Judge